UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61660

RAQUEL PISTOCCHI,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff RAQUEL PISTOCCHI ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant MEDICREDIT, INC. ("Defendant"), to wit, for Defendant's violations of 47 U.S.C. § 227, the Telephone Consumer Protection Act, and Fla. Stat. § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**<u>NATURE OF ACTION</u>**

**I.    THE TELEPHONE CONSUMER PROTECTION ACT**

    1.    The TCPA prohibits "any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ...." 47 U.S.C. § 227(b)(1)(A).

2. The TCPA defines "automatic telephone dialing system" or "ATDS" as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

3. The TCPA provides for a private right of action under which persons and entities may obtain injunctive or monetary relief for violations of the Act, including statutory damages of $ 500 per violation. *Id.* § 227(b)(3). Statutory damages may be trebled if the violator is found to have acted willfully or knowingly. Id.

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

4. The Florida Consumer Collection Practices Act (the "FCCPA") is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In comparison to the companion Federal Act, 15 U.S.C §1692, the Fair Debt Collection Practices Act (the "FDCPA") was enacted to further define and protect an individual's privacy. Laughlin v. Household Bank, Ltd., App. 1 Dist., 969 So.2d 509 (2007).

5. The FCCPA codifies a non-exhaustive list of acts and/or omissions which otherwise violate the Act. Specifically, the FCCPA as states, in relevant part that:

> In collecting consumer debts, no person shall:
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

6. The FCCPA provides that a "debtor may bring a civil action against a person violating" the statute's provisions, Fla. Stat. § 559.77(1). *See* Fla. Stat. § 559.55(8) (whereby a "debtor" is considered "any natural person obligated or allegedly obligated to pay any debt."). An

entity found to have violated the FCCPA "shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat § 559.77(2).

7. As set forth in more detail below, Defendant, in contravention of the TCPA and FCCPA, has placed approximately one hundred calls to Plaintiff during the time frame relevant to this action, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1331. The TCPA is a federal statute. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue here is proper under 28 U.S.C. § 1391(b) because the Defendant conducts business in the State of Florida out of offices located in this District.

## PARTIES

10. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

11. Plaintiff is the holder, with dominion and control over a cellular telephone assigned the number ending in "9103."

12. Defendant is a Missouri corporation, with its principal place of business located in Columbia, Missouri.

13. Defendant's registered agent for service of process in the State of Florida is C T CORPORATION SYSTEM, 1200 South Pine Island road, Plantation, Florida 33324.

14. Defendant is in the business of aggressively collecting delinquent medical debts.

15. Defendant is registered with the State of Florida as a Consumer Collection Agency,

license number CCA0900581.

16. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

17. At all times material, Defendant was acting as a debt collector in respect to the collection of a third-party's debts.

18. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

19. Defendant and/or its agents called Plaintiff's cellular telephone an egregious number of times within the four years immediately preceding the filing of this Complaint.

20. On a date better known by Defendant, without Plaintiff's knowledge or consent, Defendant commenced its incessant calling campaign in an attempt to locate and/or collect a debt from an individual other than Plaintiff, to wit, Ronald France Douphin (the "Third-Party").

21. In attempting to collect the aforementioned debt (the "Third-Party's Debt"), Defendant regularly called Plaintiff's cellular telephone, often more than twice in a single day.

22. Plaintiff has not, at any time material hereto, provided her cellular telephone number to Defendant for the purpose which Defendant was calling, nor did Plaintiff consent to Defendant calling his cellular telephone.

23. On information and belief, the Third-Party's Debt incurred such debt primarily for personal, family, or household purposes.

24. The Third-Party's Debt a "debt" governed by the FCCPA. *See*, Fla. Stat. § 559.55(6).

25. At all times material hereto, Defendant is a "debt collector" FCCPA. *See*, Fla. Stat. § 559.55(7); In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt."); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

26. Defendant utilized an ATDS and/or an artificial/prerecorded voice message when it and/or its agents called Plaintiff, in that:

> (a) Defendant's use of an ATDS to call Plaintiff is evidenced by, including but not limited to, the distinct pause regularly noticed by Plaintiff – whereby when Plaintiff would answer Defendant and/or its agent's telephone call, there was a noticeable pause before Defendant and/or its agent would begin speaking; and
>
> (b) Defendant's use to pre-recorded messages is exemplified by, including but not limited to, voicemail Defendant left for on Plaintiff's cellular telephone.

27. Defendant, by and through the utilization of an artificial/prerecorded voice, left the following voicemail on Plaintiff's cellular telephone:

> *Hello. We are calling from Medicredit on behalf of Aventura Hospital and Medical Center. This is a call from a debt collector. Please return our call at: 1-800-823-2318, Monday through Friday, during normal business hours. Thank you.*

28. In the moments prior to leaving the aforementioned voicemail, Plaintiff's automated voicemail system prompted Defendant that the telephone number dialed by Defendant was owned by Plaintiff, e.g., *"You have reached the voicemail of Raquel Pistocchi."*

29. Defendant's repeated and intrusive calls came with such frequency, to the point where Plaintiff felt constantly harassed and instructed Defendant to cease placing automatically

dialed calls to her cellular telephone.

30. On information and belief, the total number of calls received by Plaintiff from Defendant, whereby Defendant otherwise sought to communicate with the Third-Party, is ninety-seven (97) calls.

31. Despite Plaintiff's instructions to the contrary, Defendant continued to place repeated, automatically dialed telephone calls to Plaintiff's cellular telephones.

32. As of the filing of this action, Defendant's willful and knowing practice of placing numerous and repeated automatically dialed or prerecorded telephone calls to Plaintiff's cellular telephone continues unabated.

## COUNT I
## VIOLATION OF THE TCPA

33. Plaintiff incorporates by reference paragraphs 19-32 of this Complaint as though fully stated herein.

34. The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service ... or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

35. Here, Defendant and/or its agents placed approximately one hundred unsolicited telephone calls to Plaintiff cellular phone without his prior consent and utilized an ATDS and/or an artificial/prerecorded voice message in making such calls.

36. As set forth in more detail above, Defendant's use of artificial/prerecorded voice is exemplified, *inter alia*, in a voicemail Defendant left for Plaintiff.

37. Accordingly, because Plaintiff's voicemail system informed callers that the phone number the caller dialed belonged to Plaintiff, at the very minimum, all calls Defendant made to Plaintiff's cellular phone *after* leaving the aforementioned voicemail were made full-well knowing that Defendant was *not* calling the Third-Party, but rather, Plaintiff.

38. Thus, even after receiving unequivocal instructions/information to the contrary, to wit, to stop calling Plaintiff and/or that the number dialed was not that of the Third-Party's, Defendant has placed, and continues to place egregious number of daily calls to Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice.

39. Accordingly, in light of the preceding, Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii), and as a result, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited telephone calls.

40. Additionally, Plaintiff seeks an Order under §227(b)(3)(B) awarding a minimum of $500.00 in damages for each of Defendant's violations of the TCPA. *See*, Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir.20110) (stating that the TCPA is essentially a strict liability statute that does not require any intent except when awarding treble damages).

41. Alternatively, however, pursuant to §227(b)(3)(C) of the TCPA, the Court can award treble damages ($1,500.00) for each willful and knowingly violation of the TCPA because, as set forth above, Defendant continued to call Plaintiff's cellular telephone after Plaintiff had advised Defendant that she (Plaintiff) was not the Third-Party and otherwise told Defendant to stop calling. Thus, the Court should award treble damages ($1,500.00) for each violation of the TCPA committed by Defendant because such violations were committed willfully or knowingly, as well as enjoining Defendant's unlawful telephone calling activities pursuant to §227(b)(3)(A) of the TCPA.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages of $500.00 for each TCPA violation determined to be negligent, pursuant to 47 U.S.C. § 227(b)(3)(B);

(b) Treble damages of $1,500.00 for each TCPA violation determined to be willful and/or knowing, pursuant to 47 U.S.C. § 227(b)(3)(C);

(c) Actual damages for the TCPA violations committed by the Defendant.

(d) An injunction requiring Defendant to cease all unsolicited telephone calling activities; and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT II
## VIOLATION OF THE FCCPA

42. Plaintiff incorporates by reference paragraphs 19-36 of this Complaint as though fully stated herein.

43. Plaintiff is entitled to the protections of the FCCPA with respect to Defendant's telephone calls to Plaintiff's cellular phone in an attempt to collect the Third-Party Debt. *See,* Halsten v. Target Nat. Bank, 2013 WL 3804844, at *3 (M.D.Fla. July 19, 2013) (whereby the Court articulates that the term "debtor" is interpreted to provide an "alleged debtor" protection under the FCCPA, to wit, the prohibited practices set forth in Fla. Stat. § 559.72).

44. Defendant, in an attempt to collect the debt of a third-party, called Plaintiff's cellphone typically two or more times in a single day, despite Plaintiff's advisory that she (Plaintiff) was not the intended third-party, as well as being advised by Plaintiff's voicemail that the number Defendant was calling belong to Plaintiff and *not* the Third-Party.

45. Thus, in light of the preceding, Defendant violated §559.72(7) of the FCCPA by willfully communicating with Plaintiff and/or Plaintiff's family in such frequency. *See*, Fini v.

Dish Network L.L.C., 955 F. Supp. 2d 1288, 1298 (M.D. Fla. 2013) (stating that, "the FCCPA applies to [cases] of mistaken identity, where the creditor calls the wrong number and the recipient has no knowledge of the actual debt." (citing Desmond v. Accounts Receivable Management, Inc., 72 So.3d 179, 181 (Fla. 2d DCA 2011); Halsten, 2013 WL 3804844, at *4 (holding that plaintiff sufficiently alleged implication of debt obligation, whereby plaintiff informed collector that he (plaintiff) was not the debtor and collector continued to call thereafter).

46. As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) An injunction prohibiting Defendant from placing further calls to Plaintiff cellular phone in an attempt to collect the Third-Party Debt;

(b) Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violation committed by Defendant;

(c) Costs and reasonable attorneys' fees as provided by Fla. Stat. § 559.77(2); and

(d) Any other relief that this Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

47. Plaintiff respectfully demands a trial by jury on all issues so triable.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: July 13, 2016

                                           Respectfully Submitted,

                    /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:          855-529-9540

                                           AND

                    /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     954-543-1325
Fax:         954-507-9975

*COUNSEL FOR PLAINTIFF*